JAMES H. ABBOTT *vs*. ALEXANDER E. ZIRPOLO.

JAMES H. ABBOTT *vs*. ALEXANDER E. ZIRPOLO.

CHRISTINE ABBOTT *vs*. ALEXANDER E. ZIRPOLO.

LOTTIE ABBOTT *vs*. ALEXANDER E. ZIRPOLO.

Oxford.     Opinion, February 13, 1934.

*Fred H. Lancaster,*
*John G. Marshall,* for plaintiffs.
*Reginald H. Harris,*
*Cook, Hutchinson, Pierce & Connell,* for defendant.

SITTING : PATTANGALL, C.J., DUNN, STURGIS, BARNES, THAXTER, JJ.

BARNES, J.    Four cases, tort actions arising from an automobile collision were argued together.

Plaintiffs, James H. Abbott and Christine Abbott, his wife, were residents of Wellesley, Massachusetts, Lottie Abbott, of Paris, Maine, and defendant a resident of Brooklyn, New York.

Verdicts were returned for the several plaintiffs. Exceptions and motions for new trial by defendant in each case bring them before this court.

Exceptions to question put to Dr. Murphy, and to his answer, affecting only the case of James H. Abbott, in the first writ for him, are in the Bill, but as they were not argued it may be assumed counsel consider their client not aggrieved at the admission, a conclusion the Court would be inclined to agree with.

Answer to George F. Hill as to the fair market value of a certain automobile, Maker's No. M18114, was prevented by the Court, because the witness had never seen the car. The answer was not given.

This exception is overruled.

At time of issuance of the writs, all four plaintiffs were known, of record, as not residents of this state. Subsequently motion to amend the declaration of Lottie Abbott was filed and granted. The four writs were entered in court at the November Term, 1932, and at the same term motions to dismiss the several actions, challenging the jurisdiction of the court and attacking the constitutionality of the statute allowing substituted service of process, R. S., Chap. 29, Sec. 130.

At the same time defendant filed in each case a paper entitled Plea in Abatement. These papers, as pleadings are not pleas in abatement.

The object of filing each is in it stated to be "for the sole purpose of contesting the jurisdiction of this Honorable Court."

If there were place for such it would be considered a motion to dismiss. But that objection was properly raised at the return term. The motion to dismiss was then overruled. No exception to the ruling was taken. The issue of jurisdiction and venue was then settled, and the cases continued.

On the first day of the February term the so-called Pleas in Abatement were presented to the court and overruled. In his argument before us counsel for the defendant argued the questions of jurisdiction and venue. These might have been before the court on exceptions to the overruling of the motions to dismiss, had such exceptions been taken. They are not before us for consideration.

On motions for new trial: The collision occurred on the main highway between Norway and South Paris villages, at a point nearly opposite the automobile entrance to the grounds of the Oxford County Fair association between 10 o'clock and half past 10 in the evening of a rainy day in August.

Plaintiff James H. Abbott was driving his car; the other plaintiffs were his guest passengers.

The road at the site of the collision, for a long stretch to the east toward Paris and westward toward Norway is practically on a level, wide and well constructed, with an eighteen feet strip of concrete along the median line of its travelled part.

Just before the collision plaintiff's car was moving toward Paris, and on the southerly side of the concrete; defendant moving in the opposite direction and on the northerly side. There is testimony that automobiles were proceeding in advance of each of the cars of the parties hereto. The usual court revelation as to speed is found in each driver's testimony, a very moderate pace; and on other facts in relation to the collision there is practically no difference in the testimony of witnesses.

It seems that the right wheels of defendant's car rolled off the edge of the concrete; that defendant attempted to swing to his left

so as to return the wheels to the concrete surface; that some cause deflected his car sharply to his left (he testifies, "the front wheel went on with no difficulty, but the rear wheel was right under the edge of the cement and that made the front part of the car skid towards, across the road") and the cars were in collision, both on the southerly side of the concrete roadway.

Verdicts for the several plaintiffs were properly returned. The jury had defendant's testimony that when he found his right wheels were off the concrete and on the gravelled margin which he had said was from eight to twelve feet wide at that point, he did not reduce his speed so but that the catching of the rear wheel caused his car to skid to the left very quickly, and occupy the southerly portion of the highway. They heard his testimony that he saw no cars approaching from the west when he attempted to swing up on the concrete, and that his car was hit by the Hupmobile on the spare wheel, carried near the door on the right side of his car. They had abundant evidence to justify the finding that negligence of the defendant was the proximate cause of the accident.

But, on the record, it is plain that the amount of the verdict in each case is so excessive they can not be allowed to stand.

By the first writ, James H. Abbott sues to recover for damage to his automobile, and for loss of wages, expense of medical and surgical attention, past and future, and for pain and suffering attributable to the accident. The jury awarded him $2,957.35.

A presumably impartial witness, called by plaintiff, testified that repairs to the car, a Hupmobile sedan, '28 model, were charged for to the amount of $249.85.

It is in evidence that painting the car would require $75.00, and a new tire and tube, not replaced, would call for $16.00, a total of $340.85 for complete repair.

The plaintiff, as manager of a drug store, did not lose his job. He was unemployed on account of the accident for one-half week, with loss of wages $21.50, and then returned to his work, lost no further time, and continued this employment to the time of the trial. He paid for professional services $72.00.

As to the sum he should recover for his pain and suffering computation, never exact, is difficult.

For the suffering a punctured wound below the knee, a cut and a few bruises and contusions on legs and chest would entail, the sum of $2,500 is grossly excessive.

Motion sustained unless within thirty days from filing of this mandate plaintiff files a remittitur of all of the amount recovered in excess of $1,634.35.

By the second writ, James H. Abbott, plaintiff, recovery is sought for necessary expenditures in restoring plaintiff's wife, Christine R. Abbott, as nearly as may be to the condition she was in before the collision, and for the husband's loss of services and consortium.

The jury awarded $1,265.00. Proven loss of services and expense of professional treatment of the wife cost plaintiff $85.00.

The record contains no evidence of loss of consortium. The injuries proved, and sued for by Christine in her writ, were cuts and bruises on the forehead. They were not to be considered by the jury, under this writ, except as they reduced the value of her services, to her husband and in his behalf, and as diminishing that imponderable factor known in law as consortium.

The court is agreed a verdict of $1,265.00 is excessive.

Motion in this case sustained unless within thirty days from filing of this mandate plaintiff files a remittitur of all the amount recovered in excess of $500.00.

By the third writ James H. Abbott's wife, Christine, seeks to recover for pain and suffering and the embarrassment she is forced to sustain from facial disfigurement, if any, caused by what Dr. Littlefield called two skin wounds, closed without stitches and requiring dressing every second day for a time. She was not a witness. Her age is not given. The testimony is that for months before the trial she has been doing the work of the household, with the help of a man who works for his board.

The jury awarded her the sum of $4,000.00, a sum, as the Court reviews the record, grossly excessive.

Motion sustained, in this case, unless within thirty days from filing of this mandate plaintiff files a remittitur of all of the amount recovered in excess of $1,750.00.

On the fourth writ Lottie Abbott recovered a verdict for $812.50 as damages for personal injuries.

At the time of the accident she was sixty years of age and employed in Paris, the town of her residence, as a housekeeper. She retained her position, and till the trial did all the work of housekeeper with help from a man, perhaps a dozen times in six months, at an expense of 50 cents each time.

As to the injury, she testified she was sitting in the rear seat of her son's car; that at the collision she was thrown up and "come down and struck the back of the seat across my stomach and my feet were under the footrest, and I tore up the footrest." She complains of "bad ankles and a bad side and back."

Her side and back had troubled her in former years, then ceased troubling her, but she claimed that the collision has brought on a recurrence of pain in her abdomen. Before the accident she said she weighed 185 pounds, but has lost 15 pounds.

She testified that she had suffered, before the accident, from fallen arches, and since from pain in the tops of the feet, "It is the top of the feet." Since the accident she has worn a support to the arch of her left foot. In all she consulted a doctor but once.

Dr. Littlefield, a physician of South Paris, treated Mrs. Abbott once, a day or two after the accident, and testified she complained then only of lame and sore ankles. He found them quite badly swollen and "rather sore to move," recommended heat and bandaging, fee $2.00.

All the medical testimony, including that of two experts, leads to the conclusion that Mrs. Abbott has flat feet, as the doctors in this case phrase it, with relaxation of ligaments and change in position of the ankle bones. One theory is that some of the difficulty may be due to sprain or to rupture of ligaments during the collision, the other that the present condition has been long coming on.

Taking her testimony as true: that she went to a physician but once, and had done the work required of her as housekeeper, unquestionably upon her feet and moving about for hours every day, it is impossible to deduce the conclusion that any sprain suffered in the collision was severe. Mrs. Abbott testified she had used support for the arches for years before the accident.

The only physician who examined the organs in the pelvic region accounts for distress in that region as resulting from rupture at childbirth not repaired, and general physiological change accom-

plished in most women before reaching the age of sixty. The admission of the plaintiff that she has done all the work of her position, with only occasional assistance from a man, taken with all the other evidence makes it imperative to reduce the verdict or order new trial.

Motion sustained in this case unless within thirty days from filing of this mandate plaintiff files a remittitur of all the amount recovered in excess of $500.00.

> *Exceptions overruled.*
> *Motion sustained in each case*
> *unless remittitur as prescribed*
> *in the opinion.*